UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHLEEN ESCUTED, individually and on behalf of others similarly situated,

           Plaintiff,

-against-

DERMACLINIC NEW YORK LLC, VERONICA ALMEIDA, JANE DOE (A/K/A "NIDI"),

           Defendants.

Index No.: 22-cv-10685

**COMPLAINT**

Plaintiff, KATHLEEN ESCUTED (hereinafter, "Plaintiff"), on behalf of herself and other similarly situated employees, by and through their undersigned attorneys, Sacco & Fillas LLP, file this Complaint against Defendants, DERMACLINIC NEW YORK LLC, VERONICA ALMEIDA, and JANE DOE (A/K/A "NIDI") (collectively, "Defendants") and state as follows:

1. **NATURE OF THE ACTION**

    1.    Plaintiff brings this action to remedy Defendants' violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), New York Labor Law (NYLL) Article 6 § 190 et seq., New York State Department of Labor wage orders and regulations and failure of Defendants to pay minimum wages, comply with notice and record-keeping requirements and failure to timely pay weekly wages to Plaintiff who was at all relevant times a manual laborer pursuant to NYLL§ 191.

    2.    Plaintiff, on behalf of herself and all others similarly situated, bring this action to recover unpaid minimum wages, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq. ("FLSA"), the New York Labor Law § 190 et seq. ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA"), and regulations.

2. **JURISDICTION AND VENUE**

3.  This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL and WTPA pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to this Complaint occurred at Dermaclinic New York, which is located and operated by Defendant within the Southern District of New York, and which address is 58 E 79th St, New York, NY 10075.

3. **PARTIES**

   **3.1. Plaintiff – KATHLEEN ESCUTED**

5.  Plaintiff KATHLEEN ESCUTED resides in the county, city, and state of New York.

6.  Plaintiff KATHLEEN ESCUTED worked as a "medical aesthetician" whose job responsibilities included working while multiple hours, providing body contouring services which involves providing massages and other manual work, providing laser hair removal while standing, providing injections and drawing blood, and providing wood therapy massage.

7.  Plaintiff KATHLEEN ESCUTED spent more than 25% of her working time engaged in physical labor.

8.  Throughout Plaintiff KATHLEEN ESCUTED's employment, Plaintiff KATHLEEN ESCUTED was an employee within the meaning of the FLSA and NYLL.

**3.2. Defendant – DERMACLINIC NEW YORK LLC**

9. Defendant DERMACLINIC NEW YORK LLC is a New York limited liability company, licensed to do business, and doing business in the State of New York.

10. PABLO E GOYENECHEA, MBA at 3175 S CONGRESS AVE, SUITE 305-C, PALM SPRINGS, FL, UNITED STATES, 33461 is the service of process registered agent name and address for Defendant DERMACLINIC NEW YORK LLC.

11. Defendant DERMACLINIC NEW YORK LLC is a New York limited liability company that owns or operates "Dermaclinic New York."

12. Dermaclinic New York operates a principal place of business at 58 E 79th St, New York, NY 10075.

13. Dermaclinic New York provides massage, liposuction, laser hair removal and other similar services.

14. Defendant DERMACLINIC NEW YORK LLC is listed as Plaintiff KATHLEEN ESCUTED's "employer" on an "employment contract agreement," which Plaintiff KATHLEEN ESCUTED was required to sign.

15. Upon information and belief, Defendant DERMACLINIC NEW YORK LLC was listed as each employee's "employer" on an "employment contract agreement," which each employee was required to sign.

16. Upon information and belief, Defendant DERMACLINIC NEW YORK LLC exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

17. Defendant DERMACLINIC NEW YORK LLC was Plaintiff's employer within the meaning of the FLSA and NYLL.

18. Within the three years prior to the filing of this Complaint, DERMACLINIC NEW YORK LLC had an annual gross volume of sales in excess of $500,000.

19. Defendant DERMACLINIC NEW YORK LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20. Defendant DERMACLINIC NEW YORK LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

**3.3. Defendant – VERONICA ALMEIDA**

21. Upon information and belief, Defendant VERONICA ALMEIDA owns DERMACLINIC NEW YORK LLC.

22. Upon information and belief, Defendant VERONICA ALMEIDA is the chief executive officer of Defendant DERMACLINIC NEW YORK LLC.

23. Defendant VERONICA ALMEIDA holds a license issued by the New York State Department of State, number AEB-20-02054.

24. Defendant VERONICA ALMEIDA holds a license issued by the New York State Department of State, number AEB-20-02054, which applies to Defendant DERMACLINIC NEW YORK LLC.

25. As a license holder, Defendant VERONICA ALMEIDA was required to ensure compliance with all federal, state, and local health and safety laws, rules, regulations and codes, including but not limited to the Americans with Disabilities Act.

26. Upon information and belief, as a license holder, Defendant VERONICA ALMEIDA was required to maintain a wage bond.

27. Upon information and belief, as a license holder, Defendant VERONICA ALMEIDA was required to obtain liability coverage.

28. Upon information and belief, as a license holder, Defendant VERONICA ALMEIDA was required to maintain business records at the business location.

29. Upon information and belief, as Defendant VERONICA ALMEIDA was required to be directly and actively employed at the work site.

30. Upon information and belief, as a license holder, Defendant VERONICA ALMEIDA was required to provide supervision at the workplace at Dermaclinic New York.

31. Upon information and belief, Defendant VERONICA ALMEIDA owned or operated or controlled the phone number 786-899-3454.

32. Upon information and belief, Defendant VERONICA ALMEIDA regularly communicated using the phone number 786-899-3454 regarding matters concerning Dermaclinnic New York.

33. Defendant VERONICA ALMEIDA is listed as Plaintiff KATHLEEN ESCUTED's "employer" on an "employment contract agreement," which Plaintiff KATHLEEN ESCUTED was required to sign.

34. Upon information and belief, Defendant VERONICA ALMEIDA was listed as each employee's "employer" on an "employment contract agreement," which each employee was required to sign.

35. Upon information and belief, Defendant VERONICA ALMEIDA used cameras to supervise employees, including Plaintiff.

36. Defendant VERONICA ALMEIDA had power to hire employees such as Plaintiff.

37. Defendant VERONICA ALMEIDA hired one or more employees to jobs that are similarly situated to Plaintiff's job, i.e., a medical aesthetician.

38. Defendant VERONICA ALMEIDA had power to set Plaintiff's work schedule.

39. Defendant VERONICA ALMEIDA set work schedules of one or more employees who are similarly situated to Plaintiff, i.e., a medical aesthetician.

40. Upon information and belief, Defendant VERONICA ALMEIDA had power to fire Plaintiff and other similarly situated employees, i.e., medical aestheticians.

41. Upon information and belief, Defendant VERONICA ALMEIDA had power to set Plaintiff's pay rates.

42. The individual Defendant, VERONICA ALMEIDA exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

43. Upon information and belief, Defendant VERONICA ALMEIDA exercised sufficient control over Dermaclinic New York's operations and Plaintiff' employment to be considered Plaintiff' employer under the FLSA and NYLL.

44. Upon information and belief, Defendant VERONICA ALMEIDA transacts business within the state of New York or contracts anywhere to supply goods or services in the state of New York.

45. Upon information and belief, Defendant VERONICA ALMEIDA committed a tortious act or acts within the state of New York.

46. Upon information and belief, Defendant VERONICA ALMEIDA committed a tortious act or acts without the state of New York causing injury to person or property within the state of New York.

47. Upon information and belief, Defendant VERONICA ALMEIDA regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state of New York.

48. Upon information and belief, Defendant VERONICA ALMEIDA expects or should reasonably expect the act or acts to have consequences in the state of New York and derives substantial revenue from interstate or international commerce.

49. Upon information and belief, Defendant VERONICA ALMEIDA owns, uses, or possesses any real property situated within the state of New York.

### 3.4. Defendant – JANE DOE (A/K/A "NIDI")

50. That JANE DOE (A/K/A "NIDI") being fictitious and unknown currently. If and or when the true name is discovered, it will be inserted in the Complaint by amendment.

51. Defendant JANE DOE (A/K/A "NIDI") was a manager at Dermaclinic New York.

52. Defendant JANE DOE (A/K/A "NIDI") participated in hiring Plaintiff KATHLEEN ESCUTED.

53. Defendant JANE DOE (A/K/A "NIDI") coordinated payment of wages to Plaintiff KATHLEEN ESCUTED.

54. Defendant JANE DOE (A/K/A "NIDI") scheduled Plaintiff KATHLEEN ESCUTED's work hours.

55. Defendant JANE DOE (A/K/A "NIDI") maintained payroll records for Dermaclinic New York.

56. Defendant JANE DOE (A/K/A "NIDI") supervised Plaintiff KATHLEEN ESCUTED.

57. Defendant JANE DOE (A/K/A "NIDI") terminated Plaintiff KATHLEEN ESCUTED.

58. Defendant JANE DOE (A/K/A "NIDI") refused to pay Plaintiff KATHLEEN ESCUTED for approximately five days that Plaintiff KATHLEEN ESCUTED worked, which amount is approximately $875.

59. Defendant JANE DOE (A/K/A "NIDI") communicated via phone number 786-381-4603.

60. Defendant JANE DOE (A/K/A "NIDI") informed Plaintiff KATHLEEN ESCUTED that Plaintiff KATHLEEN ESCUTED would be paid wages approximately bi-weekly.

61. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") had power to hire Plaintiff.

62. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") had power to fire Plaintiff.

63. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") had power to supervise Plaintiff.

64. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") had power to set work schedules for Plaintiff.

65. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") had power to change pay rates of Plaintiff.

66. Upon information and belief, the individual Defendant, JANE DOE (A/K/A "NIDI") exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

67. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") exercised sufficient control over Dermaclinic New York's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and NYLL.

68. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") transacts business within the state of New York or contracts anywhere to supply goods or services in the state of New York.

69. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") committed a tortious act or acts within the state of New York.

70. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") committed a tortious act or acts without the state of New York causing injury to person or property within the state of New York.

71. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state of New York.

72. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") expects or should reasonably expect the act or acts to have consequences in the state of New York and derives substantial revenue from interstate or international commerce.

73. Upon information and belief, Defendant JANE DOE (A/K/A "NIDI") owns, uses, or possesses any real property situated within the state of New York.

4. **FACTUAL ALLEGATIONS**

74. https://www.dermaclinicenter.com/ is the website for Dermaclinic New York.

75. (646) 707 – 0135 is a phone number for Dermaclinic New York.

76. (646) 707 - 0208 is a phone number for Dermaclinic New York.

77. Plaintiff KATHLEEN ESCUTED worked for Defendants from approximately June 24, 2022, to approximately August 19, 2022.

78. Plaintiff KATHLEEN ESCUTED worked approximately 35 hours per week.

79. Plaintiff KATHLEEN ESCUTED was led to believe she would receive approximately $23 per hour.

80. Plaintiff KATHLEEN ESCUTED was also led to believe that, at times, she would receive approximately $25 per hour.

81. On or about June 20, 2022, Plaintiff KATHLEEN ESCUTED was told that Defendants pay by "Zelle" on every second or third day and every 17th or 18th day of every month.

82. On or about July 6, 2022, Plaintiff KATHLEEN ESCUTED was paid $1,223.00 via Zelle from Dermaclinic New York LLC.

83. On or about July 18, 2022, Plaintiff KATHLEEN ESCUTED was paid $1,630.70 via Zelle from Dermaclinic New York LLC.

84. On or about August 2, 2022, Plaintiff KATHLEEN ESCUTED was paid $1,091.81 via Zelle from Dermaclinic New York LLC.

85. On or about August 17, 2022, Plaintiff KATHLEEN ESCUTED was paid $1,842.76 via Zelle from Dermaclinic New York LLC.

86. From approximately August 15, 2022, to approximately August 19, 2022, Plaintiff KATHLEEN ESCUTED worked approximately 35 hours, but was not paid for all hours worked, which unpaid wages amount to approximately $875.

87. Defendant JANE DOE (A/K/A "NIDI") refused to pay Plaintiff KATHLEEN ESCUTED for all hours that Plaintiff KATHLEEN ESCUTED worked.

88. Throughout her employment, Defendants failed to pay Plaintiff and other employees their wages within seven days of the end of the pay period.

89. Defendants failed to furnish Plaintiff with wage notices upon hire or whenever the pay rate changed or as otherwise required by NYLL 195(1).

90. Defendants failed to furnish Plaintiff with wage statements as required under NYLL 195(3).

## 5. COLLECTIVE ACTION ALLEGATIONS

91. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of herself and all similarly situated persons who were employed by Dermaclinic New York within the three years prior to the filing of this Complaint (the "FLSA Collective").

92. The FLSA Collective consists of approximately similarly situated current and former aestheticians who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying minimum wages.

93. As part of regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes willfully failing to pay employees for all hours worked and failing to pay wages due for all hours worked.

94. Upon information and belief, Defendants engaged in unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

95. Upon information and belief, Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective.

96. Plaintiff and the FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Dermaclinic New York, are readily identifiable, and locatable through Dermaclinic New York's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## 6. CLASS ACTION ALLEGATIONS

97. Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class consisting of all similarly situated manual workers who work or have worked at Dermaclinic New York within the six years prior to the filing of this Complaint (the "Rule 23 Class").

98. Upon information and belief, the employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

99. Upon information and belief, the size of the Rule 23 Class is at least forty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

100. Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

101. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, inter alia, the following:

   a. whether Defendants violated NYLL Article 6, § 190, et seq., and Article 19, § 650, et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

   b. whether Defendants failed to pay Plaintiff and the Rule 23 Class at least the minimum wage rate for the first forty hours worked per week for all hours worked;

   c. whether Defendants failed to pay each manual worker not later than seven calendar days after the end of the week in which the wages were earned, as required under N.Y. Lab. L. § 191(1)(a)

      d. whether Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements as required by the NYLL and WTPA;

      e. whether Defendants failed to furnish the Plaintiff and the Rule 23 Class with wage notices; and

      f. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

102. Plaintiff's claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendant during the statute of limitations period. They enjoy the same statutory rights under the NYLL to be paid at the minimum wage rate for all hours worked over forty in a workweek, to be paid for all hours worked, to be paid within seven days of the workweek, and to receive lawful wage notices and statements. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

103. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

104. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

105. Plaintiff retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

106. There is no conflict between Plaintiff and the Rule 23 Class members.

107. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not de minimis, such damages are

small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

108. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## 7. CLAIMS

### 7.1. Fair Labor Standards Act – Unpaid Minimum Wages

109. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

110. The FLSA requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

111. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

112. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq. and the supporting federal regulations, apply to Defendants.

113. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the FLSA.

114. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the required minimum wage rate for hours worked up to forty per workweek.

115. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**7.2. New York Labor Law – Unpaid Minimum Wages**

116. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

117. The NYLL requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

118. Defendants are employers of Plaintiff within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations.

119. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL regulations apply to Defendants.

120. Defendants failed to pay Plaintiff the minimum wage of $15 to which he was entitled under the NYLL and its supporting NYDOL regulations.

121. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the correct minimum hourly wage.

122. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**7.3. New York Labor Law – Untimely Paid Wages**

123. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

124. Defendants paid Plaintiff on a bi-weekly basis.

125. Throughout the employment, Plaintiff spent at least 25% of the working time performing physical tasks.

126. Plaintiff was a "manual worker" within the meaning of NYLL § 191(1)(a).

127. Defendants should have paid Plaintiff on a weekly basis, "and not later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

128. Because Defendants failed to pay Plaintiff on a weekly basis, in addition to other recovery available under the foregoing claims, Plaintiff is entitled to recover liquidated damages equal to wages that were paid a week late every bi-weekly period and are entitled to interest, attorney's fees and expenses.

### 7.4. New York Labor Law Wage Theft Prevention Act – Failure to Provide Wage Notices

129. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

130. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

131. Defendants failed to furnish Plaintiff at the time of hiring, or whenever the rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of NYLL § 195(1).

132. As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-b).

### 7.5. New York Labor Law Wage Theft Prevention Act – Failure to Provide Wage Statements

133. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

134. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

135. Throughout Plaintiff's employment, Defendants paid Plaintiff without providing a wage statement at the end of every pay period accurately listing, inter alia, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

136. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

8. **PRAYER FOR RELIEF**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: December 19, 2022  
        Astoria, New York

Signed,

By: _____/s/ Clifford Tucker_____  
Clifford Tucker, Esq.  
Sacco & Fillas LLP  
31-19 Newtown Ave., 7th Floor  
Astoria, New York 11102  
Ph: 718-269-2243  
CTucker@SaccoFillas.com

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER

## LIABILITY FOR SERVICES RENDERED

**TO**: DERMACLINIC NEW YORK LLC, XYZ CORP. (D/B/A "Dermaclinic"), and ABC CORP.

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of DERMACLINIC NEW YORK LLC, XYZ CORP. (D/B/A "Dermaclinic"), and ABC CORP for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf

Dated: Astoria, New York
December 19, 2022

SACCO & FILLAS, LLP

By: /s/ Clifford Tucker
Clifford Tucker, Esq.
Attorneys for Plaintiff
31-19 Newtown Avenue, Seventh Floor
Astoria, New York 11102
Tel: 718-269-2243
CTucker@SaccoFillas.com

**EMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

**TO**: DERMACLINIC NEW YORK LLC, XYZ CORP. (D/B/A "Dermaclinic"), and ABC CORP

PLEASE TAKE NOTICE THAT the plaintiffs and others similarly situated as employees of the above corporation and LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation and LLC for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
December 19, 2022

SACCO & FILLAS, LLP

By: */s/ Clifford Tucker*
Clifford Tucker, Esq.
Attorneys for Plaintiff
31-19 Newtown Avenue, Seventh Floor
Astoria, New York 11102
Tel: 718-269-2243
CTucker@SaccoFillas.com