```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
KATHLEEN ESCUTED,

                          Plaintiff,

            -against-                              22 Civ. 10685 (AT)

DERMACLINIC NEW YORK LLC, VERONICA                 ORDER
ALMEIDA, JANE DOE (A/K/A "NIDI"),

                          Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _05/07/2024_

ANALISA TORRES, District Judge:

Plaintiff, Kathleen Escuted, brings this action against Defendants, Dermaclinic New York LLC, Veronica Almeida, and Jane Doe a/k/a Nidi, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 190 *et seq.*, for failure to pay timely wages and a minimum wage, and for recordkeeping violations. *See generally* Compl., ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 51-1, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 51. For the reasons stated below, the motion is GRANTED.

## DISCUSSION

### I. Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides Plaintiff with a recovery of $9,000, inclusive of attorney's fees and costs.  Letter at 3; Settlement ¶ 3.  As to Plaintiff's range of recovery, she alleges that her maximum possible recovery on her claims is $14,891.  Letter at 3; *see* ECF No. 51-2.  However, Defendants dispute that Plaintiff was covered by the FLSA.  Letter at 4.  Given this issue and other outstanding legal and factual disputes, the parties have reasonably assessed that trial "would be costly for all [p]arties and could lead to the depletion of the resources used to resolve this matter."  Letter at 4.  In light of Plaintiff's litigation risks, the approximately fifty percent recovery offered by the Settlement is reasonable.  *See Paganas v. Total Maint. Sol., LLC*, No. 15 Civ. 5424, 2019 WL 3716170, at *2 (E.D.N.Y. Feb. 14, 2019) (collecting cases).  Moreover, the parties state that they engaged in "[a]rm's length bargaining," including mediation, a pre-settlement conference with the assigned magistrate judge, and private negotiations over a clause requiring Defendants to sign a confession of judgment.  Letter at 4.  Both Plaintiff and Defendants were represented by employment counsel experienced in wage and hour matters.  *Id.* at 4.  Accordingly, the Court finds that Settlement satisfies the *Wolinsky* factors and is, therefore, fair and reasonable.

Moreover, the Settlement's liability release clause is sufficiently narrow: it binds only Plaintiff and releases Defendants from liability for all wage-and-hour claims up to the date of the execution of the Settlement.  Settlement ¶ 4; *see Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (rejecting a liability release clause that released claims "against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]").

Turning to attorney's fees, Plaintiff's counsel seeks fees amounting to $3,000, a fee equal to one-third of the settlement amount.  Letter at 4–5.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and

3

[their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (quotation marks and citation omitted). "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). In the Settlement, Plaintiff's counsel receives approximately one-third of the settlement amount. Letter at 4; *see* Settlement ¶ 3.

As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiffs' counsel, Clifford Tucker and Oscar Alvarado, submitted contemporaneous billing records that document their work on this matter. Letter at 5–6; *see* ECF No. 51-3. Tucker's time records demonstrate that he worked 20 billable hours at a rate of $450, *see* ECF No. 51-3, Alvarado worked 6.2 billable hours at a rate of $350, *see id.*, and an unnamed paralegal worked 0.9 billable hours at a rate of $250, *id*. "Courts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals." *Hernandez v. El Azteca y El Guanaco Rest Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *3 (S.D.N.Y. Dec. 9, 2021) (cleaned up). "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this District." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672, 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (cleaned up). Because Plaintiff's counsel has provided no information about the paralegal, the Court cannot determine whether any unique skills weigh in favor of deviating from the norm. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015) (remarking that courts "are in no position to determine whether, and to what degree, the unique skills or experience of an attorney or paralegal weighs in favor of deviating from

the norms governing reasonable rates"). The Court, therefore, will reduce the paralegal's rate to $125 per hour in conducting the lodestar calculation.

Except for work performed by the paralegal, Plaintiff's counsel's billing records appear reasonable. *See Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380–81 (E.D.N.Y. 2022) (collecting cases). The lodestar amount is, therefore, $11,282.50 in attorney's fees. The requested award in the FLSA Settlement is $3,000—a multiplier of 0.27. "Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with the contingent fees in FLSA cases." *Diaz-Caballero*, 2020 WL 8880944, at *3 (internal quotation marks and citation omitted). The Court, therefore, accepts the lodestar multiplier, particularly given that the attorney's fees amount to approximately one-third of the settlement award. Accordingly, the attorney's fee request is fair and reasonable.

Plaintiff also requests costs amounting to $1,519.06. ECF No. 51-3 at 3. The Court finds the costs, which include the filing fee, service fees, and legal research costs to be reasonable. *Fisher v. SD Protection Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020) (noting that "court reporting and service of process fees, filing fees, hotels and transportation" are expenses that are "reasonable, incidental, and necessary to [an attorney's] representation").

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: May 7, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge